# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## SHREVEPORT DIVISION

| | |
|---|---|
| HAROLD L. ROSBOTTOM, JR. | CIVIL ACTION NO: 16-0880 |
| VERSUS | JUDGE ELIZABETH ERNY FOOTE |
| GERALD H. SCHIFF, TRUSTEE | MAGISTRATE JUDGE HORNSBY |

## **MEMORANDUM RULING**

Pending before the Court is an appeal filed by the Appellant, Harold L. Rosbottom, Jr. ("Rosbottom"), of an order issued by the Bankruptcy Court dated June 8, 2016, denying a motion entitled "Rule 60(b) Motion to Vacate the Chapter 11 Confirmation Plan." [Record Doc. 1]. The Appellees are the Chapter 11 Bankruptcy Trustee, Gerald Schiff ("Schiff" or "Trustee"), Louisiana Truck Stop and Gaming, LLC ("LTSG"), and Leslie Fox ("Fox"). [Record Doc. 27]. For the reasons assigned herein, the decision of the Bankruptcy Court is **AFFIRMED.**

## **FACTUAL AND PROCEDURAL BACKGROUND**[1]

Rosbottom filed for Chapter 11 bankruptcy in 2009 during a contentious divorce from his now ex-wife, Fox. Rosbottom originally functioned as the debtor-in-possession managing the Chapter 11 bankruptcy estate. However, during the course of the

---

[1] "Bankr. Doc." refers to entries contained in the bankruptcy docket in the underlying proceeding In re: Rosbottom, USBC, W.D. La., 5:09-bk-11674. If this court has referred to a bankruptcy document that is not contained in the record on appeal, the Court hereby takes judicial notice of the document. See ITT Rayonier Inc. v. United States, 651 F.2d 343, 345 at n.2. (5th Cir. 1981) (A court may take judicial notice of the records of an inferior court).

bankruptcy certain irregularities became apparent, prompting the Bankruptcy Court to appoint Schiff as Chapter 11 Trustee. [Bankr. Doc. 846]. The irregularities eventually led to a criminal indictment against Rosbottom for bankruptcy related crimes. See U.S. v. Rosbottom, USDC, W.D. La., 5:11-cr-0272. On September 28, 2012, Rosbottom was convicted on eight counts, including conspiracy to commit bankruptcy fraud, transfer of assets, concealment of assets, false oath, and conspiracy to launder monetary instruments. Id. Rosbottom is currently serving a 120-month term in federal custody. Id.

A few months later, Schiff filed a Chapter 11 Plan of Reorganization ("Plan") wherein Rosbottom's interests in the bankruptcy estate were equitably subordinated pursuant to 11 U.S.C. § 510(c) to all other interests, including Fox, due to his criminal conviction for bankruptcy crimes against the estate.[2] On April 22, 2013, the Bankruptcy Court held a confirmation hearing regarding the Plan, including the equitable subordination of Rosbottom's interests. [Bankr. Docs. 1742 and 2076]. On May 1, 2013, the Bankruptcy Court entered an order confirming the Plan of Reorganization. [Bankr. Doc. 1745].[3] On May 3, 2013, Rosbottom timely filed a Notice of Appeal with

---

[2] Equitable subordination of a bankruptcy claim pursuant to 11 U.S.C. § 510(c) may be appropriate when: (1) the claimant engaged in inequitable conduct; (2) the misconduct resulted in an injury to creditors of the bankrupt or conferred an unfair advantage to the claimant; and (3) equitable subordination is not inconsistent with the provisions of the Bankruptcy Code. In re SI Restructuring, Inc., 532 F.3d 355,360 (5th Cir. 2008)(citing In re Mobile Steel Co., 563 F.2d 692 (5th Cir. 1977)).

[3] "The original Plan of Reorganization dated November 30, 2012, as Amended Effective March 20, 2013, and as Immaterially Modified Effective April 22, 2013." [Bankr. Doc. No. 1738].

this Court. [Bankr. Doc. 1749; USDC, W.D. La, 5:13-cv-2431, Record Doc. 1]. However, on August 14, 2013, his appeal was dismissed for failure to prosecute. [USDC W.D. La., 5:13-cv-2431, Record Doc. 6].

On April 25, 2016, Rosbottom filed a pro se motion in Bankruptcy Court entitled "Rule 60(b) Motion to Vacate Order Equitably Subordinating the Interest of HLR in the Post Administration Estate." [Bankr. Doc. 1944]. The motion sought to revoke the portion of the Bankruptcy Court's confirmation order concerning the equitable subordination of Rosbottom's interests in the estate. The Bankruptcy Court held a hearing on the motion on June 7, 2016. [Bankr. Doc. 2080]. Rosbottom appeared by telephone from FCI Butner, North Carolina. Fox and counsel for the Trustee appeared in person. Id.

On June 8, 2016, the Bankruptcy Court denied Rosbottom's motion, and issued a written opinion. [Bankr. Doc. 2003]. First, the Bankruptcy Court considered whether notice and service of the Disclosure Statement, proposed Chapter 11 Plan, and related hearings were proper in light of the equitable subordination clause.[4] Rosbottom argued in his motion that the confirmation order of the Chapter 11 Plan should be vacated because he was not provided proper service or notice of certain pleadings, or of certain hearings. [Bankr. Doc. 1944]. The Bankruptcy Court disagreed, finding that the record reflected that Rosbottom received proper notice and service of the Disclosure Statement and the proposed Chapter 11 Plan. The Bankruptcy Court noted that the record

---

[4] The plan, as modified, shall become the plan only after there has been disclosure pursuant to 11 U.S.C. § 1125 as the court may direct, notice and a hearing, and the modification is approved by the court. 11 U.S.C. § 1127(e)(2).

reflected that Rosbottom received both electronic and paper copies. The Bankruptcy Court also noted that the record reflected that Rosbottom filed numerous objections to the proposed Chapter 11 Plan, which were considered and overruled. Thus, the Bankruptcy Court found no error with service or notice provided to Rosbottom under the Federal Rules of Bankruptcy Procedure ("FRBP"). The Bankruptcy Court also held that given the record, service was constitutionally sufficient. [Bankr. Doc. 2003 at 7].

Next, the Bankruptcy Court considered whether it erred by not issuing written findings of fact or conclusions of law regarding the equitable subordination of Rosbottom's interest in the estate. Id. Rosbottom argued that the lack of written findings warranted vacating the Plan. The Bankruptcy Court disagreed, noting that FRBP 7052 specifically provides that findings of fact and conclusions of law may be orally entered in the record in open court, which is what happened in this instance.

Finally, the Bankruptcy Court found that even if there were a legal error in the confirmation process, the confirmation order remains final and binding upon Rosbottom because he had notice of the alleged errors and failed to prosecute his appeal. Based on this finding, the Bankruptcy Court found that "a motion under Rule 60(b)(4) is not a substitute for a timely appeal." [Bankr. Doc. 2003 at 8 (citing Kocher v. Dow Chem. Co., 132 F.3d 1225, 1229 (8th Cir. 1997))]. The Bankruptcy Court concluded that Rosbottom's motion was a collateral attack of the confirmation order. Rosbottom timely appealed the Bankruptcy Court's order. [Record Doc. 1-1].

## JURISDICTION

This Court has appellate jurisdiction over final judgments, orders, and decrees issued by the bankruptcy court. 28 U.S.C. § 158(a)(1).

## STANDARD OF REVIEW

In reviewing a decision by the Bankruptcy Court, this Court functions as an appellate court, applying the same standards of review generally applied to federal appellate courts. Webb v. Reserve Life Ins. Co., 954 F.2d 1102, 1103-04 (5th Cir. 1992). This court reviews discretionary decisions made by the Bankruptcy Court under an abuse of discretion standard. In re ASARCO LLC, 702 F.3d 250, 257 (5th Cir. 2012). This court reviews a Bankruptcy Court's findings of fact for clear error. Id. Legal conclusions are reviewed de novo. Id.

## LAW AND ANALYSIS

Rosbottom has raised both procedural and substantive issues concerning the confirmation of the Plan in his appeal of the Bankruptcy Court's denial of his Rule 60(b) motion. Rosbottom argues that the confirmed Plan should be vacated due to alleged deficiencies with notice and service during the confirmation process. He also argues that the confirmation order is insufficient because the Bankruptcy Court did not issue separate findings of fact and conclusions of law or a separate judgment. The Court will review these issues.

Rosbottom also asserts various arguments regarding the substance of the confirmed Plan, including issues of fairness, equity, and the accuracy of calculations contained within the Plan. The Court will not review Rosbottom's arguments regarding

the substance of the confirmed Plan because these are matters that should have been addressed in a direct appeal of the Plan. For the reasons assigned herein, the Plan and confirmation order are final and Rosbottom has waived all arguments relating to the substance of the confirmed Chapter 11 Plan.

## I.    Federal Rule of Civil Procedure 60(b) - Generally

Federal Rule of Civil Procedure 60(b) provides that a court may grant relief from a final judgment under certain circumstances when "just terms" are present. Relief from a final judgment may be granted for any of the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation, or misconduct by opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b).

A motion pursuant to "Rule 60(b) may not be used as a back-door substitute for an omitted appeal, and, in all but the most exceptional circumstances, a party's neglect to prosecute a timely appeal will bar relief under the rule." Carter v. Fenner, 136 F.3d 1000, 1006 (5th Cir. 1998) (citing Hoult v. Hoult, 57 F.3d 1, 3 (1st Cir. 1995)). Although presented as a Rule 60(b) motion, Rosbottom's motion is clearly an attempt to collaterally attack the substance of the confirmed Plan. Rosbottom does not explain why he filed a timely appeal of the confirmed Plan and then neglected to pursue the appellate process. Regardless, the abandonment of his appeal renders the Plan and its contents final and binding. Eubanks v. FDIC, 977 F.2d 166, 171 (5th Cir. 1992);

6

Republic Supply Co. v. Shoaf, 815 F.2d 1046, 1050 (5th Cir. 1987). There is a firm rule within the Fifth Circuit that a Rule 60(b) motion is not a substitute for an appeal. In re Air Crash at Dallas/Fort Worth Airport, 852 F.2d 842, 844 (5th Cir. 1988). Accordingly, this Court will not entertain Rosbottom's arguments regarding alleged unfairness of the Plan, including whether it was proper to equitably subordinate his interests and in the amount described in the Plan. However, the Court will review Rosbottom's motion to the extent it raises legitimate issues appropriately considered under Rule 60(b).[5]

## II.    Federal Rule of Civil Procedure 60(b)(4) – Due Process

When "just terms" are present, a court may vacate a judgment where it is void. Fed. R. Civ. P. 60(b)(4). "A void judgment is one so affected by a fundamental infirmity that the infirmity may be raised even after the judgment becomes final." United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260, 270 (2010). Relief under Rule 60(b)(4) is only authorized in two limited circumstances: (1) if the deciding court lacked subject matter or personal jurisdiction; or (2) the court acted in a manner inconsistent with due process. Callon Petroleum Co. v. Frontier Ins. Co., 351 F.3d 204, 208 (5th Cir. 2003).[6] Relief under Rule 60(b)(4) is rarely warranted on due process grounds because

---

[5] Rosbottom originally raised certain issues within his objections to the proposed Plan. Other issues were raised for the first time in Rosbottom's Rule 60(b) motion before the Bankruptcy Court, and one issue was raised for the first time in his Appellant brief to this Court. The Court's review will depend on the posture of each issue and whether it has been waived.

[6] Lack of subject matter jurisdiction is not an issue in this case. The Bankruptcy Court's subject matter jurisdiction is set forth in 28 U.S.C. § 1334(a) and (b). Novoa v. Esparza, 272 F. Supp. 3d 963, 969 (W.D. Tex. 2016). Likewise, personal jurisdiction is not an issue. Rosbottom initiated the bankruptcy proceeding within the Western District of Louisiana.

civil cases only require proper notice and service and a court of competent jurisdiction. Id. at 210. Additionally, "procedural irregularities during the course of a civil case, even serious ones, will not subject the judgment to collateral attack." Id. (quoting Fehlhaber v. Fehlhaber, 681 F.2d 1015, 1027 (5th Cir. 1982)).

Rosbottom argues that the confirmation order should be vacated under Rule 60(b)(4) because of an alleged lack of due process concerning three issues: (1) notice and service, (2) his absence from the confirmation hearing, and (3) lack of access to certain sealed exhibits attached to the Plan. A Rule 60(b)(4) motion is reviewed de novo. Matter of Novoa, 690 Fed. Appx. 223, 225 (5th Cir. 2017) (citing Jackson v. FIE Corp., 302 F.3d 515, 523 (5th Cir. 2002)). The Court will address each issue.

## A.    Notice and Service

Rosbottom argues that the confirmation order should be vacated because he did not receive proper notice or service of the proposed Chapter 11 Plan or Disclosure Statement. At the time the Trustee filed the proposed Plan and Disclosure Statement, Rosbottom was incarcerated at the Caddo Correctional Center awaiting assignment to a federal correctional facility. Rosbottom maintains that the majority of the filings were uploaded to the Bankruptcy Court's computerized ECF filing system, which he had no ability to access as a detainee. Therefore, Rosbottom asserts that he could not receive the electronically filed documents. Rosbottom contends that even if the proposed Plan and Disclosure Statement were mailed to him, the Trustee should have known that the institution would not permit him to receive the documents. Although Rosbottom concedes that according to a certificate of service filed by the Trustee some version of

the proposed Plan was mailed first class to the facility, he maintains that the facility never delivered the documents to him. Rosbottom states that through diligence on his part he acquired enough information about the Trustee's proposals to file objections into the record. Rosbottom also states that his prior attorney had withdrawn from the case, and his criminal counsel advised the Bankruptcy Court that he was merely observing the proceedings. Finally, Rosbottom asserts that the inclusion of the equitable subordination clause within the proposed Plan creates an adversary proceeding with heightened service requirements.

The inclusion of the equitable subordination clause within the proposed Plan did not change the service requirements in this case. A proposed equitable subordination of an interest is normally considered an adversary proceeding *except* when the equitable subordination is contained within a proposed Chapter 11 plan. FRBP 7001(8) (emphasis added).[7] When an equitable subordination clause is contained within a proposed Chapter 11 plan its inclusion merely raises a contested matter. See In re Millennium Lab Holdings II, LLC, 575 B.R. 252 (Bankr. D. Del. 2017). Therefore, the Disclosure Statement, proposed Plan, and related hearings in this case are properly considered "contested matters" under FRBP 9014.

FRBP 9014 states that service of a contested matter shall be provided in the same manner as a summons and complaint under FRBP 7004. Service pursuant to

---

[7] "An adversary proceeding is governed by the rules of this Part VII. The following are adversary proceedings: [...] (8) a proceeding to subordinate any allowed claim or interest, except when a chapter 9, chapter 11, chapter 12, or chapter 13 plan provides for subordination [ ]." FRBP 7001.

FRBP 7004(b)(1) only requires service by first class mail, postage prepaid "by mailing the copy of the summons and complaint" to an individual (other than an infant or incompetent) at the individual's dwelling house or usual place of abode. See 16 Collier on Bankruptcy, §20.01 (16th ed. 2018) (Plan and proposed disclosure statement shall be mailed with notice of a hearing to the debtor).

The initial proposed confirmation Plan dated November 30, 2012 was filed on the Bankruptcy Court's ECF system. [Bankr. Doc. 1677]. The docket does not reflect a certificate of service related to the filing. Rosbottom asserts that he never received the document. However, this Court notes that exhibits introduced during the March 18, 2013 disclosure hearing contradict his account. Vicki Warner ("Warner"), Rosbottom's criminal counsel and bankruptcy counsel on a limited issue, sent an email to the Trustee's counsel dated October 12, 2012, wherein she directed counsel for the Trustee to send all mail directed to Rosbottom to her office per Rosbottom's request. [Bankr. Doc. 1719, Ex. 1, 3].[8] Warner advised counsel for the Trustee that she would notify him if Rosbottom changed his mind regarding mail delivery. [Bankr. Doc. 1719, Ex. 3]. Warner also advised that she or A.M. Stroud, III ("Stroud"), also criminal counsel and bankruptcy counsel on a limited issue, would hand deliver the mail to Rosbottom.

---

[8] Vicki Warner enrolled as bankruptcy counsel for Rosbottom on August 24, 2012, when she filed an objection to a motion seeking to sell certain pieces of art, collectables and personal property. [Bankr. Doc. 1605]. The filing states that Warner was appearing in the case for that limited purpose. However, as discussed herein, Warner also communicated with counsel for the Trustee regarding the proposed Plan and Rosbottom's access to certain sealed documents referenced in the Plan.

[Bankr. Doc. 1719, Ex. 4].[9]  Given this email exchange, it is reasonable to presume that Warner received the ECF notification of the November 30, 2012 filing and delivered the documents as stated in her email.  However, even if Warner did not deliver the document and there was a deficiency with the service of the November 30, 2012 filing, it is a moot point because a hearing was not set to confirm the proposed Plan at that time.

On February 26 2013, an Amended Plan and accompanying Disclosure Statement (dated November 30, 2012, as Amended Effective February 26, 2013) was filed via ECF and served to Rosbottom by U.S. mail, postage pre-paid, at the Caddo Correctional Center. [Bankr. Docs. 1692, 1694, 1698, 1719, Ex. 10].  The certificate of service indicates that the Trustee sent Rosbottom a CD copy of the Disclosure Statement and Plan, an order of the Bankruptcy Court granting a motion to set a hearing on the Plan, and notice of the hearing. [Bankr. Doc. 1698].  The certificate also states that a copy was sent by email to Warner on behalf of Rosbottom. Id.  An exhibit introduced at the March 18, 2013, disclosure hearing indicates that on February 27, 2013, a copy of the disclosure statement and motion to set the disclosure hearing was emailed to Warner. [Bankr. Doc. 1719, Ex. 5].  Warner responded, stating that she did not object to setting of the hearing. [Bankr. Doc. 1719, Ex. 8].  In light of the previously discussed emails regarding delivery of mail for Rosbottom to Warner, and Warner's continued limited representation of Rosbottom at the time, service was sufficient.

---

[9]  Mr. Stroud enrolled as counsel for Rosbottom on June 5, 2012, solely for the purpose of appearing at a hearing regarding a motion to compel Rosbottom to turnover certain personal property items. [Bankr. Docs. 1564 and 1567].

On March 15, 2013, Rosbottom filed an objection to the Disclosure Statement. [Bankr. Docs. 1704 and 1705]. Therein, Rosbottom notified the Bankruptcy Court that effective immediately he would be representing himself in the bankruptcy case. Id. He also objected to the setting of a hearing regarding the Disclosure Statement because (1) it was delivered to him in a CD format, which he could not access while incarcerated, and (2) certain exhibits he deemed critically important remained sealed. Id. Rosbottom requested that the Bankruptcy Court vacate the hearing to allow time for him to review a paper copy of the Disclosure Statement and the sealed exhibits. Id. The same day, Stroud filed an objection to the setting of the hearing on Rosbottom's behalf. [Bankr. Doc. 1713]. Stroud's objection raised the same issues of service, CD format of the Plan, and sealed documentation. Stroud also filed a letter with the Bankruptcy Court stating that he was Rosbottom's criminal counsel and was only making a limited appearance in bankruptcy court regarding the return of certain items of estate property. [Bankr. Doc. 1714]. Stroud noted in the letter that he does not practice bankruptcy law, but was filing the objection on Rosbottom's behalf to preserve the issue of restitution and forfeiture in connection with the criminal matter. Id.

On March 18, 2013, the Bankruptcy Court held a disclosure hearing. The Bankruptcy Court noted the objections of both Rosbottom and Stroud, and granted the amended Disclosure Statement. [Bankr. docket caption dated March 18, 2013]. Stroud was present for a portion of the March 18, 2013 hearing. Id. On March 22, 2013, the Bankruptcy Court issued an order approving the Disclosure Statement as amended, and

set a confirmation hearing on April 22, 2013. [Bankr. Doc. 1721]. Rosbottom was served a copy of the order by mail via the Bankruptcy Noticing Center. Id. [10]

On March 23, 2013, Rosbottom was served a paper copy of the following documents via first class mail, postage prepaid at his address on file, Caddo Correctional Center, P.O. Box 70110, Shreveport, LA 71137: (1) Disclosure Statement dated November 30, 2012, as Amended Effective March 20, 2013; (2) notice regarding Plan, Disclosure Statement, ballots, and hearing on confirmation of the Plan; (3) order and notice approving Disclosure Statement, fixing time to file acceptance or rejection of Plan, fixing date for confirmation hearing; and (4) ballot for accepting or rejecting the proposed Plan. [Bankr. Doc. 1722]. The certificate of service also indicates that a PDF version was sent to Stroud and Warner, and a paper copy was also sent to Warner. Id.

On April 15, 2013, Rosbottom filed an objection to the proposed Plan stating that he still had not received paper copies of certain exhibits filed under seal, which he claimed deprived him of adequate information to make a proper evaluation of the proposed Plan. [Bankr. Doc. 1729]. Rosbottom also raised several specific objections to the contents of the Plan, including the proposed equitable subordination. Id. On April 18, 2013, Rosbottom filed additional objections in a document entitled "Debtor is requesting at least equal treatment as Leslie Rosbottom in the Plan." [Bankr. Doc. 1732]. The filing set forth 31 enumerated objections to the proposed Plan, including

---

[10] The BNC, established by the Administrative Office of the U.S. Courts, provides a centralized process for preparing, producing, and sending bankruptcy court notices by mail or electronic transmission.

the issues of notice and service, sealed exhibits, and the equitable subordination clause.
Id.

On April 22, 2013, the Bankruptcy Court held a confirmation hearing on the proposed Plan. [Bankr. Doc. 1742]. Rosbottom was not present at the hearing, nor were Stroud or Warner. Id. During the hearing, the Trustee presented a letter from Rosbottom wherein Rosbottom reiterated his objection concerning his inability to review the sealed exhibits. [Bankr. Doc. 1740]. The Bankruptcy Court took note of the letter and filed it into the record. With regard to Rosbottom's objections regarding notice and service, the Bankruptcy Court noted an email exchange dated April 11, 2013, between counsel for the Trustee and Warner confirming the mailing of paper copies of the Disclosure Statement and proposed Plan (minus the sealed documents) to Rosbottom at the Caddo Correctional Center, and to Warner. [Bankr. Docs. 1743, Ex. 44 and 45; 2076]. The email exchange also indicated that Stroud delivered a large stack of legal documents to Rosbottom, and Warner believed the delivery included the paper copies of the documents provided by the Trustee. Id. The hearing concluded with the Bankruptcy Court's discussion of Rosbottom's numerous objections, including the proposed equitable subordination. The Bankruptcy Court issued its findings of facts and conclusions of law on the record at the close of the hearing and confirmed the Plan. [Bankr. Doc. 2076 at pp. 151-164]

Upon review of the record, this Court agrees with the Bankruptcy Court that the evidence demonstrates that notice and service were properly provided to Rosbottom for the Disclosure Statement, proposed Plan, and for the setting of the hearing regarding

the Plan. Proper notice and service only requires that the materials be placed in the mail, postage prepaid, to the recipient's place of abode. In this case, paper copies were mailed postage pre-paid to Rosbottom at the Caddo Correctional Center. Also, notice and service were made upon Warner per her instructions to the Trustee. As counsel of record, even for a limited purpose, Warner also received ECF notices of all bankruptcy filings. This Court is satisfied that notice and service were proper.

Additionally, this Court finds that due process requirements were met. In addition to traditional notice and service, Rosbottom received actual notice. The evidence in the record demonstrates that Rosbottom had actual notice of the contents of the proposed Plan because he filed numerous objections regarding the proposed Plan and the equitable subordination clause. Actual notice is "notice given directly to, or received personally by a party." In re Shank, 569 B.R. 238, 251 (Bankr. S.D. Tex. 2017). Actual notice more than satisfies the requirements of due process. Espinosa, 559 U.S. at 272.

### B.    Hearing Attendance

Rosbottom also argues that the Plan should be vacated because the April 22, 2013 confirmation hearing was held without his attendance. Rosbottom raised this issue for the first time in his Appellant's brief before this Court. [Record Doc. 25]. He did not raise this argument in his Rule 60(b) motion before the Bankruptcy Court. A general rule of the appellate process is that arguments not raised before the lower court are waived and will not be considered on appeal. Celanese Corp. v. Martin K. Eby Const. Co. Inc., 620 F.3d 529, 531 (5th Cir. 2010); MaddenSewell, LLP v. Mandel, 498

B.R. 727, 729 (Bankr. E.D. Tex. 2013) (arguments not raised before the bankruptcy court cannot be pursued in an appeal of a bankruptcy court's order). An exception to this rule may be appropriate under extraordinary circumstances, which "exist only if the appellant establishes that the issue involves a pure question of law and a miscarriage of justice would result from the court's failure to consider it." In re SkyPort Global Comm'ns, Inc., 528 B.R. 297, 320-21 (Bankr. S.D. Tex 2015) (citing AG Acceptance Corp. v. Veigel, 564 F.3d 695, 700 (5th Cir. 2009)).[11]

Rosbottom has raised the issue of due process, which is a question of law. If Rosbottom was not afforded due process and the Court did not consider the issue, it may result in a miscarriage of justice. The facts demonstrate, however, that Rosbottom was provided ample due process during the confirmation hearing despite his physical absence from the courtroom. Rosbottom is a party-in-interest to the estate. See 11 U.S.C. § 1109(b); 11 U.S.C. § 1121(c). Pursuant to 11 U.S.C. § 1109(b) a party-in-interest "may raise and may appear and be heard on any issue in a case" under Chapter 11. A confirmation plan is binding on all parties-in-interest provided that the plan proponent afforded the parties adequate notice consistent with due process, and the parties-in-interest had the opportunity to present objections to the plan. In re Bros. Materials, Ltd., 2016 WL 7338409 (Bankr. S.D. Tex. 2016) (citing Espinosa, 559 U.S. at 271-72, 276)).

---

[11] But see Silvercreek Mgmt., Inc. v. Banc of Am. Sec., 534 F.3d 469, 473 (5th Cir. 2008) (failure to raise due process objection in district court waives that objection on appeal).

Rosbottom was provided service and notice of the proceedings concerning the Plan, which meet due process requirements. He was also provided the opportunity to raise his objections to the proposed Plan. The record reflects that he did in fact file numerous substantive objections. Finally, the record indicates that the Bankruptcy Court heard and considered his objections during the confirmation hearing. This is sufficient to afford Rosbottom due process. It was not necessary for Rosbottom to physically attend the hearing for his due process rights to be protected.

### C.    Sealed Exhibits

Rosbottom also argues that the Plan should be vacated because he was not provided access to certain sealed documents attached to the proposed Plan as exhibits B, C, D, and L.  Rosbottom contends that his lack of access to the sealed documents impeded his ability to properly review or oppose the Plan, and therefore affected his due process rights.

The sealed exhibits in question were subject to a protective order issued by the Bankruptcy Court on August 19, 2010.  [Bankr. Doc. 1161].  Exhibits introduced at the March 18, 2013 disclosure hearing indicate that all recipients of the sealed exhibits were required to sign a confidentiality agreement.  [Bankr. Doc. 1719, Ex. 11]. There is no evidence in the record that Rosbottom ever signed the confidentiality agreement regarding the sealed exhibits.[12]  On February 27, 2013, Warner asked counsel for the

---

[12]  Rosbottom's prior counsel, Doug Stewart, did sign a different confidentiality agreement with Fox's counsel on January 21, 2011. [Bankr. Doc. 1719, Ex. 13]. Rosbottom did not sign the agreement, and Doug Stewart's representation of Rosbottom was terminated effective May 23, 2012, several months prior to the filing of the proposed Plan. [Bankr. Doc. 1546].

Trustee whether Rosbottom could view the sealed documents. [Bankr. Doc. 1719, Ex. 7, 8, 9]. Counsel for the Trustee responded by stating that a motion would have to be filed requesting access, and the Trustee would likely oppose the motion. Id.[13] A motion was not filed, and the Bankruptcy Court never issued an order requiring disclosure of the sealed documents.

Rosbottom filed numerous objections to the confirmation Plan regarding his lack of access to the sealed documents. [Bankr. Docs. 1704, 1705, 1729, 1732]. The Bankruptcy Court noted and overruled Rosbottom's objections during the April 22, 2013 confirmation hearing, including his objections regarding the sealed exhibits. [Bankr. Doc. 2076]. The appropriate course of action Rosbottom should have taken concerning his lack of access to the sealed documents would have been to appeal the confirmation order. Rosbottom filed an appeal, but then allowed his appeal to be dismissed for failure to prosecute. It is a longstanding principal that a Rule 60(b) motion may not be used as a substitute for a timely appeal. Latham v. Wells Fargo Bank, NA, 987 F.2d 1199, 1203 (5th Cir. 1993). This issue should have been pursued on direct appeal of the confirmation order. Accordingly, this Court will not address the Bankruptcy Court's decision to overrule Rosbottom's objections regarding the sealed exhibits.

## III.  Separate Documents

Rosbottom also argues that the confirmation order should be vacated because the Bankruptcy Court failed to enter separate findings of fact and conclusions of law, as

---

[13] The Trustee argued to the Bankruptcy Court that Rosbottom's criminal convictions for fraud and false oaths concerning the bankruptcy estate make it unfeasible to bind Rosbottom to a confidentiality agreement. [Bankr. Doc. 1998, n.6].

well as a separate judgment. [14] Rosbottom does not specify the applicable section of Rule 60(b), but the Court will consider his argument under Rule 60(b)(6) "any other reason justifying relief."

First, the Court finds that the Bankruptcy Court was correct in noting that findings of facts and conclusions of law may be given orally at the conclusion of the confirmation hearing. The Bankruptcy Court correctly noted that FRBP 7052 is applicable for contested matters pursuant to FRBP 9014. FRBP 7052 requires the Bankruptcy Court to follow Federal Rule of Civil Procedure 52 regarding the issuance of findings of fact and conclusions of law, which provides as follows:

> In an action tried on the facts without a jury or with an advisory jury, the court must find the facts specifically and state its conclusions of law separately. The findings and conclusions may be stated on the record after the close of the evidence or may appear in an opinion or a memorandum of decision filed by the court [].

Fed. R. Civ. P. 52(a)(1). In the instant case, the Bankruptcy Court provided its findings of fact and conclusions of law orally at the end of the confirmation hearing. [Bankr. Doc. 2076 pp. 151- 164]. This is sufficient to meet the requirements of Rule 52. A separate document setting forth findings of facts and conclusions of law is not

---

[14] Rosbottom also argues that the Bankruptcy Court erred by failing to include specific calculations concerning the value of his subordinated interests in relation to all other interests within its findings of facts and conclusions of law. As noted supra, the Plan is final and this Court will not consider the substantive content of the confirmed Plan.

required.[15]  Thus, the lack of separate written findings of facts and conclusions of law does not support vacating the confirmation order.

Next, Rosbottom contends that in addition to the written confirmation order, the Bankruptcy Court should have issued a separate judgment pursuant to Federal Rule of Civil Procedure 58.  Prior to 2009, FRBP 9021 stated "Except as otherwise provided herein, Fed. R. Civ. P. 58 applies in cases under the [Bankruptcy] Code." See FRBP 9021 (1987) (amended 2009).  However, in 2009 FRBP 9021 was amended to remove the reference to Rule 58's separate judgment requirement.  During the same revision period, Congress added FRBP 7058 to the Bankruptcy Code, which states that Rule 58 (entry of judgment in a separate document) only applies in adversary proceedings. See 10 Collier on Bankruptcy P 9021.01 (16th ed. 2018).  As previously discussed, the confirmation plan is a contested matter not an adversary proceeding.  Accordingly, a separate judgment was not required. The confirmation order was both final and appealable on May 1 2013, the date it was issued.[16]  The lack of a separate judgment does not support vacating the confirmation order.

---

[15]  A party may file a motion under Rule 52(b) requesting that the court make additional findings. The motion must be filed no later than 28 days from the entry of judgment, or in this case, the confirmation order.

[16]  Even if a separate judgment were required, Rosbottom has waived any objection thereto by timely filing a Notice of Appeal of the confirmation order. [Bankr. Doc. 1749].  As the Fifth Circuit has noted, a party may waive the requirements of Rule 58 if they have acquiesced either consciously or indifferently.  In re Seiscom Delta, Inc., 857 F.2d 279, 283 (5th Cir. 1988).  Rosbottom offered no objection regarding the requirements of Rule 58 in response to the issuance of the confirmation order.  Instead, he filed a Notice of Appeal of the confirmation order.  [Bankr. Doc. 1749].  This action constitutes a waiver of any procedural defects that may have occurred regarding Rule 58.

## CONCLUSION

For the foregoing reasons, the order of the Bankruptcy Court dated June 8, 2016 is hereby **AFFIRMED**.

**THUS DONE AND SIGNED**, this ____ day of March, 2018.

_____
ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE